UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DAVID JONES,

                                Plaintiffs,

               -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER

RAYMOND W. KELLY, JOHN DOE ##1-6

                                Defendants.

------------------------------------------------------------------------ X

Docket No.

**COMPLAINT AND JURY DEMAND**

ECF CASE

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, the Fourth Amendment to the United States Constitution.

2.     The claim arises from an incident on February 5, 2005 in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, <u>inter alia</u>, false arrest, and deprivation of his Fourth and Fourteenth Amendment rights pursuant to the United States and New York Constitutions.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

## JURISDICTION

4.     This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant. The Commissioner is sued in his individual and official capacities.

10. John Doe ##1-6 at all times here relevant were members of the NYPD, and are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On February 5, 2005, Plaintiff was falsely arrested in his home without probable cause or a warrant by John Doe ## 1-5.  Plaintiff was held at the 71st Precinct, and never charged with any crimes or violations arising out of the events leading to the arrest.

13. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

14. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution to be free from an unreasonable search and seizure of his person;

    b. Physical injuries

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and financial loss;

    d. Loss of liberty;

    e. Lost wages.

**FIRST CAUSE OF ACTION**
(ASSAULT)

15. All preceding paragraphs are here incorporated by reference.

16. Upon approaching plaintiff, and arresting him, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

17. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

18. Plaintiff was damaged by defendants' assault in the amount of one hundred thousand ($100,000.00) dollars.

## SECOND CAUSE OF ACTION
### (BATTERY)

19. Paragraphs one through 21 are here incorporated by reference.

20. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

21. Defendants used excessive and unnecessary force with plaintiff.

22. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

23. Plaintiff was damaged by the battery of the defendants in the amount of one hundred thousand ($100,000.00) dollars.

## THIRD CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

24. All preceding paragraphs are here incorporated by reference.

25. Defendants, acting under color of law, violated plaintiff's rights to be free of unreasonable searches and seizures pursuant to §§6 and 12 of the New York State Constitution.

26. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## FOURTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

27. All preceding paragraphs are here incorporated by reference.

28. Defendants John Doe ##1-5 were acting within the scope of their employment

when they committed all acts alleged in this complaint.

## FIFTH CAUSE OF ACTION
(42 USC § 1983)

29. All preceding paragraphs are here incorporated by reference.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

31. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution, and his right to due process of law, pursuant to the 14th Amendment to the United States Constitution.

32. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of One Hundred Thousand ($100,000.00) dollars.

## FIFTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

33. Paragraphs one through 19 are here incorporated by reference.

34. The City, and the Commissioner are liable for the damages suffered by plaintiff as a result of the conduct of the other defendants listed in the complaint.

35. The City and the Commissioner knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

36. The aforesaid event was not an isolated incident. The City, and the Commissioner have created policies, customs and procedures certain to result in constitutional violations of the sort complained of here, and have failed to discipline, train, or supervise their employees with respect to search and seizure procedures. The policies, customs and procedures

in place fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to the Civilian Complaint Review Board or during court or disciplinary proceedings. Further, there is no procedure to notify individual officers or their supervisors of the results of judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Also, the City and each of the five district attorney offices in New York City lack any procedure by which police officers' supervisors are notified when a district attorney's office declines to prosecute a case because the arrest was not based on probable cause or for any other reason. Additionally, the City, Commissioner and John Doe Supervisor have isolated their comptroller's office from the police department, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, and result in no further training, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

37. The City and the Commissioner knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, and John Doe Supervisor failed to take corrective action.

38. The City and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

39. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

40. Defendants City of New York and the Commissioner have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City and the Commissioner in the amount of One Hundred Thousand ($100,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of one hundred thousand ($100,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of one hundred thousand ($100,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:    Brooklyn, New York
          February 6, 2006


TO:    New York City                              Yours, etc.,
       Office of the Corporation Counsel
       100 Church Street, 4th floor
       New York, NY  10007                        STOLL & GLICKMAN, LLP
                                                  by ANDREW B. STOLL (AS8808)
       Police Commissioner Raymond W. Kelly       Attorney for Plaintiffs
       1 Police Plaza, Room 1406                  71 Nevins Street
       New York, NY 10006                         Brooklyn, NY  11217
                                                  (718) 852-3710
                                                  astoll@nyc.rr.com