UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID JONES,

                                 Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, JOHN DOE ##1-6,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER**

06 Civ. 0991 (HB)

Jury Trial Demanded

        Defendants City of New York and Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint.

        6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit Raymond Kelly is Commissioner of the New York City Police Department and that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, as it refers to unidentified persons.

11. Deny the allegations set forth in paragraph "11" of the complaint, except respectfully refer all questions of law to the Court.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit plaintiff was arrested on February 5, 2005, and was held at the 71st Precinct.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14 of the complaint, including all subparts.

15. In response to the allegations set forth in paragraph "15" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "14" inclusive of this answer, as if fully set forth herein.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "23" inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "26" inclusive of this answer, as if fully set forth herein.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, as it refers to unidentified persons and respectfully refer all questions of law to the Court.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28" inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

Deny the allegations set forth in paragraph "41" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. The individual defendant Raymond Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. Plaintiff has failed, in part or in whole, to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

48. Plaintiff may not recover punitive damages from the municipal defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

49. Plaintiff provoked any incident.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	April 27, 2006

    MICHAEL A. CARDOZO
    Corporation Counsel of the
      City of New York
    Attorney for Defendants
    100 Church Street, Room 3-207
    New York, New York 10007
    (212) 788-0869

By:	/s/ Jordan M. Smith
	JORDAN M. SMITH (JS 7186)
	Assistant Corporation Counsel

To:	Andrew Stoll, Esq. (by ECF)
	71 Nevins Street
	Brooklyn, NY 11217